IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**U.S. BANK NATIONAL ASSOCIATION ND**                              **CROSS-CLAIMANT**

V.                          **CASE NO. 4:11CV00123 JMM**

**ELENDER ESCROW, INC, ET AL.**                                   **CROSS-DEFENDANTS**

**CONSOLIDATED WITH**

**MARK AND KARLA GIBBS**                                                  **PLAINTIFFS**

V.                          **CASE NO.  4:10CV00293 JMM**

**PRIMELENDING, A PLAINS CAPITAL COMPANY, ET AL.**          **DEFENDANTS**

**U.S.  BANK NATIONAL ASSOCIATION ND**                             **CROSS-CLAIMANT**

V.                          **CASE NO. 4:10CV00293 JMM**

**STEWART TITLE GUARANTY COMPANY,  ET AL.**          **CROSS-DEFENDANTS**


**ORDER**

U.S. Bank's Motion for Default Judgment against Stewart Title Guaranty Company ("Stewart Title") based upon Stewart Title's failure to file a timely answer to U.S. Bank's First Amended Complaint is denied (#181) for the following reasons.

1

Similarly situated Co-Defendants Netco, Inc., and Netco Title, Inc., filed timely answers to the First Amended Complaint which inure to the benefit of Stewart Title under the common defense doctrine. *See Angelo Iafrate Const. v. Potashnick Const. , Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) ("The common-defense doctrine in Arkansas law similarly states that if an answering party asserts "a defense on the merits that equally applies to the other defendant," the success of the defense "operates as a discharge to all the defendants.").

Moreover there is no evidence that Stewart Title's failure to file a timely answer after the Court's decision on the Motion to Dismiss was in anyway willful, contumacious or intentional. *See Moore v. American Standard, Inc.*, 170 Fed. Appx. 16 (8th Cir. 2006) (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp*., 86 F.3d 852, 857 (8th Cir. 1996) (default judgment for failure to defend under Fed.R.Civ.P. 55 is appropriate if conduct is "willful, contumacious or intentional").

Lastly, The Court finds that Stewart Title has sufficiently presented responsive pleadings by filing a March 7, 2012 Joint Rule 26(f) Report and a June 8, 2011 Motion to Dismiss U.S. Bank's First Amended Complaint that contained a general denial of all U.S. Bank's claims.

The Court will construe Stewart Title's response to the Motion for Default Judgment to include requests for an extension of time to answer, or other wise plead, and that request will be granted. Stewart Title's time in which to file a timely answer is extended up to, and including, June 29, 2012, *nunc pro tunc* to December 5, 2011.

IT IS SO ORDERED THIS   18   day of   June  , 2012.

James M. Moody
United States District Judge